RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 8/21/13

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOE N. GOODS,<br>    Plaintiff | CIVIL ACTION<br>SECTION "P"<br>1:11-CV-00840 |
| VERSUS | |
| MONA HEYSE, et al.,<br>    Defendants | JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK (b) |

<u>REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE</u>

Before the court is a civil rights complaint filed pursuant to 28 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Jon N. Goods ("Goods") on June 7, 2011 (Doc. 1). The named defendants are Mona Heyse ("Heyse") (quality assurance manager at Winn Correctional Center ("WCC") in Winnfield, Louisiana), Randy Oliff (chaplain, "legal director," and law library supervisor at WCC) ("Oliff"), and Tim Wilkinson ("Wilkinson")(warden of WCC).

Goods alleges that, on September 22, 2009, he was transferred to the WCC and assigned work as an inmate counsel substitute in the law library (Doc. 1). Goods alleges that defendants interfered with his ability to assist inmates and transferred him to the David Wade Correctional Center in retaliation for his reporting the problems he was having as legal counsel at WCC to attorneys from the Louisiana Department of Corrections (Doc. 1). For relief, Goods asks for monetary damages (Doc. 1). Goods is presently incarcerated in the David Wade Correctional Center ("DWCC") in Homer, Louisiana.

Defendants answered the complaint (Docs. 10, 27), and Heyse and Oliff filed a statement of issues for trial (Doc. 20).  This case is currently set for trial on September 30, 2013 (Doc. 35).

## Law and Analysis

Goods contends the defendants violated his First Amendment right to free speech when he advised two Louisiana Department of Corrections attorneys ("Vining" and "Rutledge"), during an inmate counselor training seminar, that he was having problems doing his job as an inmate counsel.

Goods contends he advised attorneys Vining and Rutledge that, since he had been transferred to WCC and assigned the job as inmate counsel, he had been repeatedly told by Oliff that, as a privately operated prison, WCC is exempt from the Louisiana Department of Corrections (LaDOC) rules and regulations for disciplinary hearings, and that those rules are not applied to the disciplinary hearings at WCC.  Goods further alleges that Oliff and Wilkinson told him he could not file disciplinary appeals for the inmates or use the law library equipment to prepare any legal complaints related to the disciplinary hearings, and they berated and threatened him for trying to apply the Louisiana Department of Corrections rules and regulations.

Goods contends that, at a November 2010 inmate counsel training seminar, LaDOC attorneys Vining and Rutledge told the inmate attendees to advise them of any problems they were having in

their jobs as inmate counsel (Doc. 1). Goods alleges that, after he told Vining and Rutledge of his problems at WCC, they made inquiries with Warden Wilkinson; after that, Goods was transferred to the DWCC (Doc. 1).

Retaliation for the exercise of a constitutional right is actionable, even if the act, when taken for different reasons, would have been proper. Woods v. Smith, 60 F.3d 1161, 1165 (5th Cir. 1995), cert. den., 516 U.S. 1084, 116 S.Ct. 800 (1996); Hale v. Townley, 19 F.3d 1068, 1074 (5th Cir. 1994). Prison officials are prohibited from retaliating against inmates who complain of prison conditions or official misconduct. Gibbs v. King, 779 F.2d 1040, 1046 (5th Cir. 1986), cert. den., 476 U.S. 1117, 106 S.Ct. 1975 (1986), citing Ruiz v. Estelle, 679 F.2d 1115, 1153-1154 (5th Cir.), modified on other grounds, 688 F.2d 266 (5th Cir. 1982), cert. den., 460 U.S. 1042, 103 S.Ct. 1438 (1983). Also, Hale, 19 F.3d at 1073.

To state a retaliation claim, a claimant must allege both that the type of activity he engaged in was protected under the constitution and that the state impermissibly infringed on his right to engage in the protected activity. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir. 1985), citing Owens v. Rush, 654 F.2d 1370 (10th Cir. 1981). Also, Hale v. Townley, 19 F.3d 1068. 1072-73 (5th Cir. 1994); Crowley v. Sinyard, 884 F.2d 804, 812 n.9 (5th Cir. 1989), cert. den., 496 U.S. 924, 110 S.Ct. 2617, 110 L.Ed.2d

3

638 (1990). A prisoner must allege facts which establish that (1) he exercised a specific constitutional right, (2) the defendant had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation. Causation requires a showing that "but for the retaliatory motive the complained of incident ... would not have occurred." Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997), cert. denied, 522 U.S. 995 (1997), citing Woods, 60 F.3d at 1166. The inmate must allege more than his personal belief that he is the victim of retaliation. Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999). The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred. Jones, 188 F.3d at 324-325, citing Woods, 60 F.3d at 1166.

Goods alleges that he engaged in his First Amendment right to free speech when he informed attorneys Vining and Rutledge of the problems he was having as inmate counsel at WCC. Goods further alleges that he was transferred out of WCC soon after Rutledge and Vining investigated Goods' allegations. Goods contends the transfer was in retaliation for the exercise of his constitutional right to free speech.

Although it appears, based on the chronology alleged by Goods, that Goods' transfer was in retaliation for his complaints about WCC and defendants, he has not alleged that defendants deprived him

4

of his right to further engage in free speech. The only things affected by the transfer were Goods' assignment to WCC and his job as inmate counsel at WCC.

A prisoner has no right to, and therefore no protected liberty interest in, a certain classification. Classification of inmates is an administrative function. Prison officials can change an inmate's classification and job assignment for almost any reason or no reason at all, leaving the inmate with no claim. Jackson v. Cain, 864 F.2d 1235 (5th Cir. 1989), and cases cited therein. Also, Mendoza v. Lynaugh, 989 F.2d 191, 194 n.4 (5th Cir. 1993). Courts of appeal consistently have held that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected property interest. 65 F.3d 48, 50, and cases cited therein. The Constitution does not create a property or liberty interest in prison employment. Broussard v. Hebert, 56 F.3d 1385, *2 (5th Cir. 1995)(holding inmate has no constitutional right to assist other inmates with legal work, so inmate did not state a retaliation claim where prison officials retaliated against him for assisting other inmates with their legal work), citing Newsom v. Norris, 888 F.2d 371, 373 (6th Cir. 1989).

For the same reasons, a federal court will not direct a state's prison system concerning the specific prison in which a particular state prisoner must be incarcerated. See Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532 (1976). Although Goods alleges

5

that defendants failed to afford him a hearing prior to his transfer to DWCC, he does not have a right to a hearing prior to transfer to another prison.

Therefore, although Goods has alleged a retaliatory motive for his transfer to another prison, he has not alleged the infringement of a constitutional right. Compare Tighe v. Wall, 100 F.3d 41 (5th Cir. 1996) (inmate paralegal, who was transferred to another prison in retaliation for his legal assistance to fellow inmates, failed to state a claim for retaliation because he did not have a protected interest in a particular prison or a specific work assignment).

Goods contends, however, that his transfer from WCC has the effect of deterring other inmates at WCC from exercising their First Amendment right to free speech and complaining about the conditions at WCC. However, Goods does not have standing to assert the infringement of the constitutional rights of others in his lawsuit; if other inmates' rights are infringed by WCC officials, they may allege their own claims in their own lawsuits.

Finally, Goods contends that, because of his transfer, he was placed in administrative segregation for eighteen days at DWCC. Administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration, and the prison officials' decision to transfer an inmate to more restrictive quarters, even for non-punitive reasons,

is well within the broad discretion the courts grant them. <u>Hewitt v. Helms</u>, 459 U.S. 460, 479, 103 S.Ct. 864, 874, 74 L.Ed.2d 675 (1983). Also, <u>Sandin v. Conner</u>, 515 U.S. 472, 115 S.Ct. 2293, 2301 (1995); <u>Pichardo v. Kinker</u>, 73 F.2d 612, 613 (5th Cir. 1996). Therefore, again, Goods has not alleged the infringement of a constitutional right due to his transfer to DWCC.

Therefore, Goods' action should be dismissed, sua sponte, for failure to state a claim on which relief may be granted, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the Court and under the Court's inherent power to control its own docket. <u>Link v. Wabash Railroad Company</u>, 370 U.S. 626, 630-33, 82 S.Ct. 1386, 1389-90 (1962); <u>Rogers v. Kroger Company</u>, 669 F.2d 317, 319-20 (5th Cir. 1983).

<u>Conclusion</u>

Based on the foregoing discussion, IT IS RECOMMENDED that Goods' action against all defendants be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered

by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this _____ day of August 2013.

```
                              _____
                                    JAMES D. KIRK
                              UNITED STATES MAGISTRATE JUDGE
```